**SPARE–TIME RECREATION, INC., et al.**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued Sept. 19, 1995.

Decided Oct. 17, 1995.

---

Stephen E.F. Langsdorf (orally) Preti, Flaherty, Beliveau & Pachios, Augusta, for Plaintiffs.

Andrew Ketterer, Attorney General and Susan A. Sparaco (orally), Assistant Attorney General, Augusta, for the State.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, DANA and LIPEZ, JJ.

WATHEN, Chief Justice.

Plaintiffs, Spare–Time Recreation, Inc., Pete–Mar, Inc., and Terry Weeks Corp. (Spare–Time) appeal from the order entered in the Superior Court (Kennebec County, *Mills, J.*) denying their motion for a summary judgment and granting a summary judgment in favor of the State. Spare–Time contends that 8 M.R.S.A. § 275–M (Supp. 1994)[1] violates constitutional equal protection guarantees because it exempts certain off-track betting facilities from a tax, if the facilities are located within a municipality that also has a commercial racetrack. The Superior Court found that Spare–Time, the owner of an off-track betting facility that does not qualify for the exemption, failed to meet its burden of establishing the absence of a rational basis to support the legislative enactment. We affirm the judgment.

■ Both parties agree that the statutory classification at issue involves neither a fundamental right nor a suspect class and is subject to a rational basis standard of review. *School Admin. Dist. No. 1 v. Commissioner, Dep't of Educ.*, 659 A.2d 854, 857 (Me.1995). "[L]egislation which provides governmental benefits, such as tax exemptions, to some citizens and not to others does not violate equal protection if there is a rational basis for the difference in treatment." *McBreairty v. Commissioner of Admin. & Fin. Servs.*, 663 A.2d 50, 53 (Me.1995) (citing *Lambert v.*

*Wentworth,* 423 A.2d 527, 531 (Me.1980)). Because legislative enactments are presumed constitutional, Spare–Time bears the burden of proving that no conceivable state of facts exists to support the statute. *School Admin. Dist. No. 1,* 659 A.2d at 857.

■ In this case, the statutory tax exemption is rationally related to preserving and promoting harness racing in Maine by providing an incentive for off-track betting facilities. The Legislature could have determined that such facilities located in the same towns as commercial racetracks face greater economic competition than those operating in towns without commercial tracks. Whether the incentive offered by the exemption appropriately balances the competitive disadvantage is a matter for the Legislature rather than this Court. Spare–Time has failed to meet its burden, and the Superior Court correctly granted judgment in favor of the State.

The entry is:

Judgment affirmed.

All concurring.

---

1. The statute provides:
§ **275–M. Amounts payable to the State Harness Racing Commission**
Except for those off-track betting facilities operating within the same municipality as a commercial track, an off-track betting facility shall pay the following amounts of wagers placed at the facility to the Treasurer of State to be deposited as undedicated revenue to the General Fund.

1. **Interstate commingled pools.** An off-track betting facility shall pay 1.666% of the commission on regular wagers made to interstate commingled pools and 1.154% of the exotic wagers made to these pools.
2. **All other pools.** An off-track betting facility shall pay .33% of the regular and exotic wagers made to all pools other than interstate commingled pools.
8 M.R.S.A. § 275–M (Supp.1994).