STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-31

*SKS - KEN - 2/8/*

ESTATE OF MARTHA S. TURNEY,
*et al.,*

      Petitioners

      v.

STATE TAX ASSESSOR,

      Respondent

**DECISION ON MOTION
FOR SUMMARY JUDGMENT**

This matter comes before the court on the petitioners' petition for review of final agency action pursuant to M.R. Civ. P. 80C. More specifically, the respondent State Tax Assessor has filed a motion for summary judgment with regard to the petition, which the court will grant.

## Background

The present dispute arises out of the State Tax Assessor's assessment of estate taxes against the petitioner Estate of Martha S. Turney. Ms. Turney died on February 14, 2003, leaving an estate of in excess of $900,000. Both federal and Maine state governments levy estate taxes. As these taxes existed at the end of 2000, there was an exclusion amount in the federal tax statute which excluded from taxation estates of less than $700,000. Maine's estate tax was coupled with the federal tax so that it also had a $700,000 exclusion. In 2001, Congress amended the federal tax law by mandating a gradual phase-out of the estate tax by increasing the exclusion. As a result, taxable estates equal to or less than $1 million in value were not taxed at the federal level at the time of Ms. Turney's demise.

If Maine had continued to couple its exclusion amount to the federal level (now $1 million), this would have meant a substantial negative impact on total estate tax collections and the state fisc. In response, our legislature decoupled the state exclusion amount from the federal amount, and reset it for state purposes at $700,000. This amendment became effective July 1, 2003, but it was made retroactive to include estates which came into being in 2003 when Ms. Turney died. As a result, the Turney Estate owed no federal estate tax since it was a value of less than $1 million, but owed $30,094 in state tax because the estate value exceeded the $700,000 state exclusion amount.

The appellant argues that the change in the Maine exclusion amount should not be given retroactive effect because if Ms. Turney had been aware of the change in the exclusion amount prior to her death, she could have arranged her estate so that she could avoid paying the state taxes. Thus, the Estate argues that retroactive application is fundamentally unfair and a violation of due process. The Estate paid the state tax, but requested a refund. The State Tax Assessor denied this request and the Estate brought the present Rule 80C appeal.

## Discussion

The only disputed issue is whether the retroactive application of the amendment to the estate tax (36 M.R.S.A. § 4062(1-A)) comports with the Maine Constitution. The Assessor first notes that legislative enactments are presumed constitutional and that the petitioner bears the burden of proving that no conceivable state of facts exist to support the statute. *See Spare-Time Recreation, Inc., et al. v. State of Maine,* 666 A.2d 81, 82 (Me. 1995). Secondly, the respondent points out that the Legislature can lawfully enact a statute with retroactive effect. *See, e.g., State of Maine, et al. v. L.V.I. Group,* 1997 ME 25, 690 A.2d 960. It has further been held that, "The retroactive aspects of economic legislation meet the requirements of due process if enacted to further a legitimate

legislative purpose by rational means." *Tompkins v. Wade & Searway Construction Corp.,* 612 A.2d 874, 877 (Me. 1992). Perhaps most important bedcause of its closness on the fcts is the respondent's citation to *United States v. Carlton,* 512 U.S. 26, 114 S.Ct. 2018 (1994) in which the Supreme Court sustained the disallowance of a tax deduction based upon the retroactive amendment of a federal statute that allowed the deduction at the time of the decedent's death.

In opposition, the estate argues that unlike the holdings in *L.V.I. Group and Tompkins,* the present amendment was not curative in nature and constitutes a wholly new tax. Therefore, the estate feels the new application of the new provision retroactively to include its filing would be unconstitutional. After considering the arguments on both sides, the court concludes that the Tax Assessor's analysis is more persuasive and the retroactive application of the legislative amendment is constitutional as applied to the Estate. First, the legislative action was curative in nature in that it was a response to the federal legislation which otherwise would have resulted in a substantial reduction in the state's estate tax collections. The federal government may phase out its estate tax if it wishes. However, this does not limit the state from continuing its own estate tax at a level which it feels is appropriate for its needs. By decoupling from the federal exclusion amount, our legislature "cured" or "corrected" the decline in revenue generation which the federal statute would have caused.

Second, this legislative amendment did not create a "wholly new tax" as argued by the Estate. As noted above, the estate tax was already on the books before Ms. Turney's demise and before both the federal legislation and the state's response. The state amendment at issue merely returned the exclusion amount to the status quo anti the federal amendment, and did not create a new tax in any way.

In light of the foregoing, the court finds that the retroactive effect of the amendment to the exclusion amount is constitutional as applied to the petitioners and the respondent is entitled to summary judgment. Therefore, the entry will be:

Motion for summary judgment GRANTED and ORDERED that judgment be entered for the respondent. REMANDED to the State Tax Assessor.

Dated: February 24, 2005

S. Kirk Studstrup
Justice, Superior Court

Date Filed __6/1/04__ ____Kennebec____ Docket No. __AP04-31__

County

Action __Pettion for Review__

80C

J. STUDSTRUP

Sara Rogers obo for Est. of Martha S. <sup>vs.</sup> State Tax Assessor

Turney, et al

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Thaddeus V. Day, Esq.<br>55 Hallowell Road<br>North Yarmouth, Me. 04097 | ~~Cynthia Garrett, AAG~~<br>Office of Attorney General<br>6 State House Station<br>Augusta, ME 04333-0006<br>Maegan Maloney, AAG |

| Date of Entry | |
|---|---|
| 6/1/04 | Petition for De Novo Review and Determination, filed. s/Day, Esq. |
| 7/21/04 | Entry of Appearance on behalf of the Respondent, filed. s/ C. Garrett, AAG. **No record made, therefore, none will be filed.** (filed 6/28/04) |
| 11/10/04 | Notice of Withdrawal and Appearance of Counsel, filed. s/Garrett, AAG s/Maloney, AAG |
| 11/12/04 | Respondent's Motion for Summary Judgment and Incorporated Memorandum of Law, filed. s/Maloney, AAG<br>Respondent's Statement of Undisputed Material Facts, filed. s/Maloney, AAG<br>State Tax Assessor's Request for a Hearing on His Motion for Summary Judgment, filed.<br>Proposed Opinion and Order, filed. |
| 11/15/04 | Motion for Enlargement of Time, filed. s/Day, Esq.<br>Motion to Specify the Future Course of Proceedings, file.d s/Day, Esq.<br>Proposed Order, filed. |
| 11/17/04 | Letter informing the court that State objects to the Petitioner's Motion to Specify the Future Course of Proceedings, field. s/Maloney, AAG |
| 11/17/04 | MOTION FOR ENLARGEMENT, Atwood, J.<br>Petitioner's to respond to motion for summary judgment by 12/17/04.<br>Copies mailed to attys. |
| 12/17/04 | Petitioners' Objection to Respondent's Motion for Summary Judgment and Petitioners' Motion for Summary Judgment and Incorporated Memorandum of Law, filed. s/Day, Esq.<br>Petitioners' Opposing Statement of Material, filed. s/Day, Esq. |
| 12/22/04 | State Tax Assessor's Reply Memorandum to Petitioners' Opposition to Motion for Summary Judgment, filed. s/Maloney, AAG<br><br>State Tax Assessor's Reply to Petitioners' Opposing Statement of Material Facts, filed. s/Maloney, AAG |